IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 10-1259-EFM |
| | ) | |
| CONTENTS OF ACCOUNT | ) | |
| NUMBER 216941, *et al.*, | ) | |
| | ) | |
|     *Defendants*. | ) | |
| | ) | |

MEMORANDUM AND ORDER

This forfeiture case was filed on July 30, 2010. Although it is difficult to find anyone in this District who can remember a forfeiture case going to trial, the parties resisted settlement (as to Defendant number three; the other two in rem defendants did reach settlement), and ultimately, after over three years, this case was set for jury trial commencing December 17, 2013, in Kansas City, Kansas. On the morning of trial, while the jury panel was receiving orientation downstairs, the parties appeared and informed the Court that the case had settled late the prior evening.[1] The jury was sent home. The United States has now filed a "Motion for Approval of Settlement and Final Order of Forfeiture as to Defendant No. 3" (Doc. 95). The terms of the settlement are set forth in the motion and attachment.

The local rules of this Court provide, in Rule 40.3, "Settlement of Cases Set For Trial" as follows:

---

[1] It is noted that the parties sent an email to the Court the previous night, at 7:19 p.m., informing the Court that a settlement had been reached; however, the email to chambers account was not seen until the following morning as the Court was traveling to Kansas City for purposes of the trial, and in any event, was sent too late to cancel the jury being called in the following morning even had the Court seen the email that evening.

> **(a) Duty to Notify Court.** The parties must immediately notify the court if they reach an agreement that resolves the litigation as to any or all parties.
> **(b) Failure to Timely Notify Court.** Whenever a civil action scheduled for jury trial is settled or otherwise disposed of by agreement in advance of the trial date, except for good cause, jury costs paid or incurred must be assessed equally against the parties and their attorneys or otherwise assessed as the court directs. Jury costs include attendance fees, per diem, mileage, and parking.
> **(c) Timely Notification.** No jury costs will be assessed if notice or settlement or disposition of the case is given to the jury coordinator at least one full business day prior to the scheduled trial date.[2]

As noted, notification was not provided one full day prior to the scheduled trial date, and in fact the jury called for the case had traveled to the courthouse and was present at the beginning of that morning. The Court had previously expressed its surprise that this case had not settled, but was headed for trial. The Court informed the parties the morning of trial that it intended to assess jury costs pursuant to the Court's local rule, and has received no objections or claims of good cause for such an untimely settlement. The Court finds that there is no good cause for the untimely settlement in this case, and therefore orders the jury costs assessed equally against the Plaintiff, the United States of America, and the Claimant, Pamela A. Reno. The Clerk of the Court has indicated that the jury costs incurred in this case are $1616.53. Accordingly, $808.26 are assessed against each of the parties. Payment is to be made to the Clerk of the Court, 500 State Avenue, Kansas City, Kansas, 66101, within 60 days of the date of this Order.

**IT IS THEREFORE ORDERED** that the Motion for Settlement and Final Order of Forfeiture (Doc. 95) is **GRANTED**.

---

[2] D. Kan. Rule 40.3.

**IT IS FURTHER ORDERED** that the United States and Pamela Reno are each assessed $808.26 in jury costs for an untimely notification of settlement without good cause.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE